USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: SEP 1 1 2007

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
WILNER GERMAIN,

      Plaintiff,   : 05 Civ. 03058 (PAC) (DF)

  - against -     : OPINION & ORDER

JOANNE B. BARNHART, COMMISSIONER
OF SOCIAL SECURITY,

      Defendant.
------------------------------------x

HONORABLE PAUL A. CROTTY, United States District Judge:

Pro se Plaintiff Wilner Germain ("Germain") claims that Defendant Joanne B. Barnhart, Commissioner of Social Security ("Commissioner"), erroneously denied his application for Social Security retirement insurance benefits and wrongly calculated his disability benefits. The Commissioner moves to dismiss Plaintiff's claims under Rule 12(b)(1) of the Federal Rule of Civil Procedure, contending that the Court lacks jurisdiction because Plaintiff has failed to exhaust his administrative remedies under 42 U.S.C. § 405(g).

Plaintiff commenced his action on March 21, 2005. The pro se complaint came before Former Chief Judge Mukasey, who dismissed the complaint on the grounds of Plaintiff's failure to exhaust administrative remedies and res judicata. Plaintiff filed an amended complaint on May 2, 2005. The matter was assigned to Judge Richard M. Berman, who referred the case to Magistrate Judge Debra Freeman, and then reassigned the case to this Court on August 5, 2005. This Court left the reference in place. Magistrate Judge Freeman issued her Report and Recommendation ("R&R") on July 12, 2007, recommending that Defendant's motion to dismiss be granted. The Magistrate Judge provided ten days for written objections, pursuant to Federal Rule of Civil Procedure 72(b),

1

and specifically advised that the failure to file objections "will result in a waiver of objections for purposes of appeal." (R&R 21). No objections have been filed.

## DISCUSSION

"To accept the report and recommendation of a magistrate, to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." Wilds v. United Parcel Serv., 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003). Upon review and analysis, the Court finds no clear error in Magistrate Judge Freeman's determinations that:

(1) the Court should not excuse the exhaustion requirement in this case, especially in light of the strong policy favoring exhaustion of Social Security claims; and

(2) Germain's Social Security claims should be dismissed for lack of subject matter jurisdiction.

Accordingly, the Court accepts and adopts the Report and Recommendation as its opinion, and Defendant's motion to dismiss is GRANTED. Plaintiff's Social Security claims are dismissed with prejudice. In light of the dismissal, there is no need to rule on Defendant's motion to dismiss Plaintiff's claims for punitive damages and for expenses. Pursuant to 28 U.S.C. § 1915(a), I find that any appeal from this order would not be taken in good faith. Germain did not file objections to the Report and Recommendation, as he was required to do in order to preserve his right to appeal.

The Clerk of the Court is directed to enter an Order closing this case.

Dated:   New York, New York
         September 10, 2007

SO ORDERED

*Paul A. Crotty* (signature)
PAUL A. CROTTY
United States District Judge

2

**Copies Mailed By Chambers**